**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**November 22, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40487
Summary Calendar

_____

JON MICHAEL WITHROW,

Plaintiff-Appellant,

versus

ROY GARCIA; JASON HEATON; DEVERY MOONEYHAM; NOAH WALKER;
KENNETH THOMPSON,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:02-CV-446-WMS-JKG
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:*

     Jon Michael Withrow, Texas prisoner no. 675379, appeals the

dismissal as frivolous of his action brought under 42 U.S.C.

§ 1983, against employees of the prison.  In his complaint, Withrow

contended, among other things, that prison officials deprived him

of adequate clothing and shelter during the winters of 1999-2000

and 2000-2001.

     Withrow had previously sued some of the same defendants over

almost identical prison conditions existing in the winter of 1999-

--------------------

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2000.  See Withrow v. Heaton, No. 02-40435 (5th Cir. May 14, 2003) (unpublished).  He had sought to raise claims relating to the winter of 2000-2001 in an amendment to his complaint in Heaton. The magistrate judge refused to allow amendment and advised Withrow that he was free to raise the new claims in a new lawsuit, which is the subject of the instant appeal.  This court affirmed a bench-trial judgment in Heaton by concluding that, under the circumstances, Withrow had failed to show that the named defendants acted with deliberate indifference to his health or safety with respect to the winter of 1999-2000.  Id. at 2.

The district court in the present case relied on the result in Heaton to conclude that all the claims, including the present claims involving a different time frame and different defendants, were frivolous.  Withrow's claims in the instant complaint pertaining to the winter of 1999-2000 were indeed frivolous and subject to dismissal in light of Heaton.  Accordingly, the district court's judgment dismissing Withrow's complaint insofar as it raised claims pertaining to the winter of 1999-2000 is AFFIRMED.

However, the district court did not articulate a clear basis for dismissal as frivolous of the claims concerning the following winter.  The doctrines of claim preclusion or issue preclusion do not apply to render frivolous Withrow's claims against different defendants at a different time.  See United States v. Shanbaum, 10 F.3d 305, 310-11 (5th Cir. 1994) (discussing doctrines of issue preclusion and claim preclusion).  This court discerns nothing in

the prior opinions of this court or the district court that establishes that the defendants, old and new, could not have acted with deliberate indifference at a later date. Further, this court previously ruled in Heaton that Withrow's similar, related claims should not have been dismissed for failure to state a claim on which relief could be granted. See Withrow v. Heaton, No. 01-40350 (5th Cir. Sept. 24, 2001) (unpublished); see also Beck v. Lynaugh, 842 F.2d 759, 761 (5th Cir. 1988).

The district court abused its discretion by dismissing the action as frivolous in reliance on prior findings that did not and could not logically assess the post-complaint actions of the defendants. The judgment of the district court dismissing the claims related to the winter of 2000-2001 as frivolous is VACATED, and the case is REMANDED for further proceedings in accordance with this opinion. The district court should conduct appropriate proceedings to resolve the specific issues that were not and could not logically have been resolved in Heaton.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.